UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-21615-CIV-MORENO

MARIA ANDREU,

       Plaintiff,

vs.

HP INC. and HEWLETT PACKARD
ENTERPRISE COMPANY,

       Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss **(D.E. 8)**, filed on **May 8, 2017**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

**I.   BACKGROUND**

Plaintiff, Maria Andreu, is a former employee of Hewlett-Packard Company. Defendants HP Inc. and Hewlett Packard Enterprise Company are Delaware corporations that resulted from a split of HP in 2015. HP hired Plaintiff as an administrative assistant on March 1, 1996. Plaintiff advanced fifteen position levels at HP within eight years of employment, attaining the position of "manager." Plaintiff alleges that her salary remained at Segment 1 (out of 5) for the last fifteen years of employment.

Plaintiff Plaintiff's Amended Complaint contains three claims under the Florida Civil Rights Act. The allegations are that Defendants (1) discriminated against Plaintiff on the basis of gender because she was paid less than male employees; (2) discriminated against her based on her Cuban national origin; and (3) retaliated against her by terminating her employment for complaining about the alleged disparity in compensation.

The Amended Complaint alleges Plaintiff engaged in various types of protected activity including (i) complaining to her manager about her salary; (ii) filing an internal complaint with HP in August 2015; and (iii) filing a lawsuit against HP in August 2015. Plaintiff was terminated on October 1, 2015.

In August 2015, Plaintiff sued Defendant alleging violations of the Equal Pay Act and the Fair Labor Standards Act (*Andreu I*). This Court granted summary judgment in favor of HP and the Eleventh Circuit Court of Appeals affirmed.

Plaintiff filed the instant action in Florida's Eleventh Judicial Circuit. Defendants timely removed to this Court pursuant to 28 U.S.C. § 1441. Defendants have moved to dismiss the Amended Complaint with two principal arguments. First, Defendants argue that the doctrine of *res judicata* bars this suit. Second, Plaintiff failed to exhaust her administrative remedies for her national origin discrimination claim.

## II. **DISCUSSION**

### A. Whether *res judicata* bars Plaintiff's Amended Complaint after this Court granted summary judgment in favor of HP in *Andreu I*

A judgment's preclusive effect is defined by claim preclusion and issue preclusion, which are collectively referred to as "*res judicata*." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the

very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (quoting *New Hampshire v. Maine*, 553 U.S. 742, 748 (2001)). In comparison, issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire*, 532 U.S. at 748-49). Importantly, a distinction exists between *res judicata* and collateral estoppel, which are often used interchangeably. *Res judicata* bars the relitigation of claims and collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). This case presents the issue of claim preclusion – whether this Court's judgment in favor of HP in *Andreu I* bars Plaintiff's Florida Civil Rights Act claims presently before this Court.

Before addressing the merits of Defendants' arguments, the Court must address the preliminary question of whether federal common law borrows the state *res judicata* law or applies federal law. Defendants argue that federal law determines the *res judicata* effect of this Court's judgment entered in favor of Defendants in *Andreu I*. Plaintiff counters that state law applies.

In *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 499 (2001), the Supreme Court found that federal common law adopts the state rule of *res judicata* to determine the preclusive effect of an earlier judgment of a federal court that exercised **diversity jurisdiction**. (emphasis added). The claim-preclusive effect of the judgment of a federal court exercising diversity jurisdiction is determined by the "law that would be applied by state courts in the State in which the federal diversity court sits." *Id.* at 508 (internal quotations omitted). However, the holding in *Semtek* is inapplicable in this case because this Court exercised federal question

3

jurisdiction in *Andreu I*, as Plaintiff's claims arose under federal law – the Equal Pay Act and Fair Labor Standards Act. The Supreme Court's holding in *Taylor v. Sturgell* is instructive: "For judgments in federal-question cases . . . federal courts participate in developing uniform federal rules of *res judicata*, which [the] Court has ultimate authority to determine and declare." 553 U.S. at 891.

Additionally, the Eleventh Circuit in *CSX Transp., Inc. v. Bhd. of Maint. of Way Employees*, 327 F.3d 1309, 1316 (11th Cir. 2003), held that federal preclusion principles apply to prior federal decisions based on **federal question jurisdiction**. (emphasis added). Although *Brotherhood* relied on the doctrine of collateral estoppel, the court has applied similar principles in its *res judicata* precedent. *See Hodges v. Publix Super Markets, Inc.*, 372 F. App'x 74 (11th Cir. 2010) (applying federal law to a *res judicata* dismissal of Americans with Disabilities and Florida Civil Rights Act claims based on a prior judgment on a federal question); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183 (11th Cir. 2003) (applying federal law to a *res judicata* dismissal of a breach of contract and Americans with Disabilities Act claims based on a prior judgment on a federal question). As a result, federal *res judicata* law applies to Plaintiff's claims because this Court's jurisdiction in *Andreu I* was grounded on a federal question.

Applying federal law, the party asserting claim preclusion as a defense must establish four elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). Plaintiff contends that two *Lobo* factors are not satisfied and thus *res judicata* does not apply. Specifically, Plaintiff argues that a final judgment on the merits has not been rendered in *Andreu I* and the Florida Civil Rights Act

4

claim brought in this case does not involve the same cause of action as the Equal Pay and Fair Labor Standards Act claims brought in *Andreu I*. Because Plaintiff concedes two of the four factors, namely that the parties are identical in both suits and a court of competent jurisdiction rendered the decision in *Andreu I*, the Court will address the elements in dispute.

### 1. Final Judgment on the Merits in *Andreu I*

Plaintiff argues that a final judgment on the merits has not been rendered in *Andreu I* because Plaintiff filed a petition for rehearing and rehearing *en banc* in the Eleventh Circuit Court of Appeals. Alternatively, Plaintiff contends that she intends to file a petition for *writ of certiorari* in the United States Supreme Court if the petition in the Eleventh Circuit is denied. Plaintiff's arguments are unpersuasive because this Court's decision in *Andreu I* was a final judgment on the merits. *See Andreu v. Hewlett-Packard Co.*, No. 15-23270-CIV, 2016 WL 4542031, at *1 (S.D. Fla. June 8, 2016) (order adopting report and recommendation and granting HP's motion for summary judgment).

In addition, the Eleventh Circuit affirmed this Court's grant of summary judgment in favor of HP in *Andreu I*, further adding to its finality. *See Andreu v. Hewlett-Packard Co.*, 683 F. App'x 894, 895 (11th Cir. 2017). Whether the Eleventh Circuit grants Plaintiff's petition for rehearing or she petitions the Supreme Court for a *writ of certiorari* is immaterial to determine whether there has been a final judgment on the merits. "The established rule in the federal courts is that a final judgment retains all of its *res judicata* consequences pending decision of the appeal." *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988); *see also Fid. Standard Life Ins. Co. v. First Nat. Bank & Tr. Co. of Vidalia, Georgia*, 510 F.2d 272, 273 (5th Cir. 1975), *cert. denied*, 423 U.S. 864 (1975) ("A case pending appeal is *res judicata* and entitled to full

faith and credit unless and until reversed on appeal."). Accordingly, this Court's decision in *Andreu I* was a final judgment on the merits.

### 1. Whether *Andreu I* and the Florida Civil Rights Act claims involve the same causes of action

Because *Andreu I* was a final judgment on the merits, the crux of the *res judicata* issue is whether the claims in *Andreu I* involve the same causes of action as the Florida Civil Rights Act claims in this case. Plaintiff contends that they do not. Plaintiff's argument relies wholly on a decision from Florida's Fourth District Court of Appeal in *Andujar v. Nat'l Prop. & Cas. Underwriters*, 659 So. 2d 1214 (Fla. 4th DCA 1995). In *Andujar*, the plaintiff sued her employer in federal district court alleging federal employment discrimination in violation of Title VII of the Civil Rights Act of 1964. *Id.* at 1215. The federal district court granted the defendant's motion for summary judgment. *Id.* at 1216. Thereafter, the plaintiff sued in Florida state court alleging a violation of the Florida Human Rights Act of 1977 and causes of action for battery and intentional infliction of emotion distress for the same conduct at issue in the original action in federal court. *Id.* The defendant argued that *res judicata* barred the second suit but the court found that the Title VII and Florida Human Rights Act claims were not the same causes of action. *Id.* "In our opinion, a cause of action founded on a federal statute is not the same cause of action as one founded on a state statute, even where both statutes apply to the same transaction or occurrence." *Id.*

As described in section A., *supra*, this Court is bound by federal law because jurisdiction in *Andreu I* was based on a federal question. Assuming *arguendo* that jurisdiction in *Andreu I* was conferred upon this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332, then Plaintiff's reliance on *Andujar* would be well-founded because *res judicata* would be determined

"by the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek*, 531 U.S. at 508. Thus, *Andujar* is not binding on this Court.

In the Eleventh Circuit, claims are part of the same cause of action when they "arise out of the same transaction or series of transactions." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001)). To determine if the prior and present causes of action are "the same" for purposes of *res judicata*, the Court's analysis centers on whether the actions arise "out of the same nucleus of operative fact or are based on the same factual predicate." *Davila*, 326 F.3d at 1187; *see also Trustmark*, 299 F.3d at 1271 ("*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding."). Claims that could have been raised are claims in existence at the time the original complaint is filed. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1240 (11th Cir. 1999).

The precise question is whether the claims in *Andreu I* and the ones in this case arise out of the same nucleus of operative fact or are based on the same factual predicate. The allegations in Plaintiff's Amended Complaint in *Andreu I* were based on conduct that occurred during her employment from her date of hire on March 1, 1996 to her date of termination on October 1, 2015. Similarly, Plaintiff's allegations in this action are based on the same time period as *Andreu I*. Both Amended Complaints allege discrimination in the workplace by the same Defendant and during the same time period. The only material difference between them is that the instant action is based wholly on the Florida Civil Rights Act, while *Andreu I* relied entirely on federal law.

Next, Plaintiff contends that *res judicata* is inapplicable because the Florida Civil Rights Act and the Equal Pay Act arise under the laws of different sovereigns and require different

7

elements. The Eleventh Circuit's precedent does not account for the law's origin or its elements. *See Giles v. Walmart Stores E. LP*, 498 F. App'x 887, 889 (11th Cir. 2012) (affirming a *res judicata* dismissal where plaintiff presented "different claims —including jurisdictional and constitutional issues, as well as a new claim under the Equal Pay Act—that were not litigated in his earlier two Title VII suits"); *Hodges*, 372 F. App'x at 77 (11th Cir. 2010) (affirming a *res judicata* dismissal of Americans with Disabilities Act and Florida Civil Rights Act claims based on a prior judgment on a Family and Medical Leave Act claim where the plaintiff alleged the same facts in both complaints); *Davila*, 326 F.3d at 1188 (affirming *res judicata* dismissal of breach of contract and Americans with Disabilities Act claims where plaintiff had previously sued and settled a Railway Labor Act claim involving the same factual predicate). "*[R]es judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact which could have been raised in the prior case." *Baloco v. Drummond Co.*, 767 F.3d 1229, 1247 (11th Cir. 2014) (quoting *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990)) (internal parenthesis omitted).

Finally, Plaintiff argues that the Florida Civil Rights Act claims could not have been raised in *Andreu I* because the condition precedent of filing a claim and receiving a right to sue letter with the federal Equal Employment Opportunity Commission or the Florida Commission on Human Relations, as required by the Florida Civil Rights Act, had not been met. *See* Fla. Stat. § 760.11(1). The Eleventh Circuit has already rejected this argument.

In *Hooker v. Sec'y U.S. Dep't of Veterans Affairs*, 607 F. App'x 918, 922 (11th Cir. 2015), the court rejected the argument that because the plaintiff had not yet exhausted his

administrative remedies with the Equal Employment Opportunity Commission, he could not have brought his claim in the previous suit.

> [W]e need not sort out when the EEOC complaints were resolved because we previously have held that a claim can be barred by *res judicata* even if a plaintiff has not received a right to sue letter (thus exhausting his administrative remedies), so long as the facts giving rise to both claims were in existence at the time he filed suit.

*Id.* (citing *Davila*, 326 F.3d at 1187) (rejecting the plaintiff's argument that an Americans with Disabilities Act claim is not barred by *res judicata* where the plaintiff filed suit before obtaining a right to sue letter); *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (rejecting appellant's argument that he could not have raised his Americans with Disabilities Act claim in his first suit because he had attempted to obtain a right to sue letter but the Equal Employment Opportunity Commission failed to transmit the letter).

### i. Judicial Estoppel

Next, Plaintiff contends that the doctrine of judicial estoppel bars Defendants' argument that Plaintiff's Equal Pay Act claim and Florida Civil Rights Act claims arise out of the same nucleus of operative fact. Plaintiff suggests that in *Andreu I*, Defendant argued that Plaintiff can pursue a claim under Title VII of the Civil Rights Act of 1964 if Plaintiff believes that Defendant discriminated against her on the basis of sex because Title VII does not have the same establishment test required under the Equal Pay Act. Under the doctrine of judicial estoppel, "a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d

1339, 1344 (11th Cir. 2006). The doctrine is invoked at a court's discretion. *Id.* Defendants have not taken a position contrary to one taken in *Andreu I*, they merely noted that claims under the Equal Pay Act and Title VII have different elements. *See* Resp. to Obj. to Report and Recommendation in *Andreu I* at 17 (noting "if a plaintiff believes she has been paid less because of her gender, and can prove as much, she can pursue a Title VII claim that does not have the same 'establishment test'"). Plaintiff did not even assert a Title VII claim in this action. Thus, the Court declines to adopt the doctrine of judicial estoppel.

### B. Whether Plaintiff failed to exhaust the administrative remedies for her national origin discrimination claim

Because the Court finds that *res judicata* prohibits Plaintiff's Florida Civil Rights Act claims, the Court need not determine whether Plaintiff failed to exhaust the administrative remedies for her national original discrimination claim arising under the Florida Civil Rights Act.

### III. CONCLUSION

Plaintiff's exclusive reliance on *Andujar*, a Florida intermediate appellate court decision not binding on this Court, is unpersuasive. Applying federal *res judicata* law, the Florida Civil Rights Act claims and prior federal claims in *Andreu I* arise out of the same alleged retaliatory acts of Defendant and thus are based on the same factual predicate. Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 of September 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

10